JUDGE BATTS

07 CV 5626

RECEIVED JUN 1 3 2007 U.S.D.C. S.D.N.Y. CASHIERS

296-07/DPM/MAM
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
AFRODITE SEATRADE S.A.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Don P. Murnane, Jr. (DM 3639)
Manuel A. Molina (MM 1017)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
AFRODITE SEA TRADE S.A.,                                    07 CV ____ (    )

           Plaintiff,
                                                            **VERIFIED COMPLAINT**
-against -

SHINE STAR SEA-TRANSPORT PTE. LTD.,

           Defendant.
------------------------------------------------------------x

      Plaintiff AFRODITE SEA TRADE S.A. ("AFRODITE"), by and through its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant SHINE STAR SEA-TRANSPORT PTE. LTD. ("SHINE STAR"), alleges upon information and belief as follows:

      1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and / or the Arbitration Act, 9 U.S.C. §1 *et seq.* and /or §201 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

      2.    At all times relevant hereto, Plaintiff AFRODITE was and still is a business entity organized and existing under the laws of a foreign country with an office located at 80 Broad Street, Monrovia, Liberia.

NYDOCS1/284389.2                     1

3. At all times relevant hereto, Defendant SHINE STAR was and still is a business entity organized under the laws of a foreign country with an office located at 1208 Upper Boon Keng Road, Singapore, 387312.

4. On or about March 23, 2007, Plaintiff AFRODITE, as owner, and Defendant SHINE STAR, as charterer, entered into a maritime contract of charter party on an amended New York Produce Exchange form for the use and operation of the M/V ALTAIR ("the Charter Party").

5. Plaintiff AFRODITE duly tendered the vessel into service of SHINE STAR and has fulfilled all its obligations under the Charter Party.

6. The Charter Party contemplated a one time charter trip from North China to Jeddah, Saudi Arabia.

7. Pursuant to the terms of the Charter Party, SHINE STAR was required to pay hire installments in full and on time every fifteen days.

8. SHINE STAR, however, in violation of the Charter Party, has not paid charter hire in full and on time, and is presently indebted to AFRODITE in the sum of $369,465.50.

9. Plaintiff AFRODITE demanded payment from SHINE STAR, but despite having made due demand, Defendant SHINE STAR, in breach of the Charter Party with AFRODITE, refused or otherwise failed to pay.

10. The Charter Party provides that it is to be governed by English law and that all disputes between the parties are to be resolved by arbitration in London. Plaintiff AFRODITE has commenced arbitration proceedings in London and expressly reserves herein its right to arbitrate the merits of its claim against SHINE STAR in accordance with the agreement of the parties.

11. This action is brought to obtain security in favor of Plaintiff AFRODITE in respect to its claims against SHINE STAR in aid of the London arbitration proceedings, and, to the extent necessary, to compel SHINE STAR to arbitrate pursuant to the terms of the charter and if necessary to recognize and enforce the foreign arbitral award, when rendered, as a judgment of this Court.

12. This action is further brought to obtain security for any additional sums to cover Plaintiff AFRODITE's anticipated costs in the arbitration and interest, all of which are recoverable under English law and the rules of London Arbitration.

13. Upon information and belief, in an effort to hide its assets from creditors like AFRODITE, SHINE STAR is making and receiving payments through its agents, Chinaland Shipping Pte. Ltd., and/or Eastern Union Navigation Ltd. Under such circumstances, Plaintiff AFRODITE should be permitted to restrain property of SHINE STAR being transmitted in the name(s) of its agents.

14. Upon information and belief, and after investigation, Defendant SHINE STAR cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant SHINE STAR at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein, either in its own name or in the name of its agents CHINALAND SHIPPING PTE. LTD. and/or EASTERN UNION NAVIGATION LTD.

15. As nearly as presently can be computed, the total amount sought by Plaintiff AFRODITE to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims against Defendant SHINE STAR includes:

(a) Claim for outstanding hire and other charges in the sum of $369,465.50;

(b) Interest of $100,016.09 on the above sum, calculated at the rate of 8% per annum, compounded quarterly, for three years, the estimated time it will take to obtain a final arbitration award and to enter same as a judgment, which interest is recoverable under applicable English law and arbitral rules; and

(c) Estimated recoverable attorneys' fees, costs and the costs of the arbitration, which English solicitors estimate to be $50,000;

for a claim amount of $518,571.59. Plaintiff AFRODITE specifically reserves its right to seek an increase in the claim amount should the amount set forth herein be insufficient to fully secure Plaintiff AFRODITE for its claims against SHINE STAR.

WHEREFORE, Plaintiff AFRODITE SEATRADE S.A. prays:

A. That process in due form of law according to the practice of this Court may issue against Defendant SHINE STAR SEA-TRANSPORT PTE. LTD., citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claims of $369,465.50 plus interest, costs and attorney fees;

B. That if Defendant cannot be found within the District pursuant to Supplemental Rule B, that all tangible and intangible property of Defendant, up to and including the claim of $518,571.59 be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, debts, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of

Defendant (collectively "ASSETS"), including but not limited to such "ASSETS" as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit in the names of its agents, Chinaland Shipping Pte. Ltd. and/or Eastern Union Navigation Ltd., at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

C.  That this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and

D.  That Plaintiff have such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       June 13, 2007

>                          FREEHILL HOGAN & MAHAR, LLP
>                          Attorneys for Plaintiff
>                          AFRODITE SEATRADE S.A.
>
> By:  *Manuel A. Molina*
>      _____
>      Don P. Murnane, Jr. (DM 3639)
>      Manuel A. Molina (MM 1017)
>      80 Pine Street
>      New York, NY 10005
>      (212) 425-1900
>      (212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York )
) ss.:
County of New York )

MANUEL A. MOLINA, being duly sworn, deposes and says as follows:

1. I am an attorney with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our clients and documents provided by our clients regarding the claim.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Manuel A. Molina

Sworn to before me this
13 day of June, 2007

_____
Notary Public

CLARE HENRY
Notary Public, State of New York
No. 01HE4831498
Qualified in Kings County
Certificate in New York County
Commission Expires October 31, 2009