```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-16-07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CIV 5626 (DAB)

------------------------------------------------------------x

AFRODITE SEA TRADE S.A.,

                 Plaintiff,

-against-

SHINE STAR SEA-TRANSPORT PTE. LTD.,
NINGBO MINMETALS & MACHINERY
IMP. & EXP. CORP., SHENYANG SANYO
BUILDING MACHINERY CO. LTD., BENXI
NORTHERN STEEL PIPES CO. LTD., and
RILICO SINGAPORE PTE. LTD.,

                 Defendants.

------------------------------------------------------------x

**ORDER DIRECTING CLERK TO ISSUE SUPPLEMENTAL PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT; APPOINTING PERSON TO SERVE PROCESS PURSUANT TO RULE 4(c); AND CONCERNING SCOPE OF SERVICE**

Upon reading and filing the Second Amended Verified Complaint of the Plaintiff herein, verified on the 8th day of August, 2007, and the Affidavits of Manuel A. Molina, sworn to on June 13, 2007, and August 7, 2007, that to the best of his information and belief Defendants SHINE STAR SEA-TRANSPORT PTE. LTD., NINGBO MINMETALS & MACHINERY IMP. & EXP. CORP., SHENYANG SANYO BUILDING MACHINERY CO. LTD., BENXI NORTHERN STEEL PIPES CO. LTD., and RILICO SINGAPORE PTE. LTD., cannot be found within this District for the purpose of an attachment under Supplemental Rule B(1) and in support of an order appointing a special process server pursuant to Rule 4(c), and the Court having found that the conditions required by Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure exist, and good cause having been shown,

NOW, upon motion of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff, it is hereby

NYDOCS1/288213.1

**O R D E R E D** that the Clerk of this Court is directed forthwith to issue the Process of Maritime Attachment and Garnishment for seizure of all tangible and intangible property of the Defendant, as described therein, including but not limited to any property belonging to, due, held or being transferred to or for the benefit of the Defendants SHINE STAR SEA-TRANSPORT PTE. LTD., NINGBO MINMETALS & MACHINERY IMP. & EXP. CORP., SHENYANG SANYO BUILDING MACHINERY CO. LTD., BENXI NORTHERN STEEL PIPES CO. LTD., and RILICO SINGAPORE PTE. LTD., or as may be held, received or transferred for their benefit in the name of paying agents CHINALAND SHIPPING PTE LTD., EASTERN UNION NAVIGATION LTD. and/or DALIAN XINGHUI INTERNATIONAL FORWARDING CO. LTD. a/k/a DALIAN SHINE STAR at, moving through, or within the possession, custody or control of banking institutions and/or other institutions or such other garnishee(s) on whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of **$793,131.17** pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure in respect to the claim against the Defendants; and it is further

**O R D E R E D** that supplemental process enforcing the Court's Order may be issued and served without further Order of the Court; and it is further

**O R D E R E D** that Manuel A. Molina, Don P. Murnane, Jr., Jr., Barbara G. Carnevale, Lawrence J. Kahn, Robert Ridenour, Joan Sorrentino, Christina Gargano, or any other partner, associate, paralegal or other agent of Freehill Hogan & Mahar LLP be and is hereby appointed, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment and the Verified Complaint, together with a copy of this Order and any interrogatories, upon any garnishee named in the Process, together with any other garnishee(s) who (based upon

information developed subsequent hereto by the Plaintiff) may hold assets of, for, or on behalf of the Defendants; and it is further

**O R D E R E D** that following initial service upon any garnishee by the United States Marshal or any other person designated by Order to make service in this action, supplemental service of the Process of Maritime Attachment and Garnishment may thereafter be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee so personally served, such service to be in accordance with each garnishee's preference or policy, and such facsimile or other electronic transmission shall be deemed to be made within the district if it has been sent from within the district; and it is further

**O R D E R E D** that service on any garnishee as described above is deemed effective for the length of time and to the extent that the garnishee's written rules or policies so provide; and it is further

**O R D E R E D** that a copy of this Order be attached to and served with the Process of Maritime Attachment and Garnishment; and it is further

**O R D E R E D** that if any of the Defendants' property is attached, the Plaintiff shall give prompt notice to the Defendants of the attachment. Such notice shall be in writing, and may be given by telex, telegram, cable, fax or other verifiable electronic means.

Dated: New York, New York
August __16__, 2007

_____
DEBORAH A. BATTS
United States District Judge