LAW OFFICES OF
# FREEHILL HOGAN & MAHAR LLP
80 PINE STREET
NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900
FACSIMILE (212) 425-1901
E-MAIL: reception@freehill.com
www.freehill.com

GEORGE B. FREEHILL
WILLIAM L. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PATRICK J. BONNER*
PETER J. GUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE, JR.
THOMAS M. RUSSO
THOMAS M. CANEVARI¹
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*
MICHAEL E. UNGER*
WILLIAM J. PALLAS*
GINA M. VENEZIA
BARBARA G. CARNEVALE*
MANUEL A. MOLINA
LAWRENCE J. KAHN*
JUSTIN T. NASTRO*
PAMELA L. SCHULTZ*
DANIEL J. FITZGERALD*
JILL A. TAFT
MICHAEL C. ELLIOTT*

* ALSO ADMITTED IN NEW JERSEY
¹ ALSO ADMITTED IN CONNECTICUT
ALSO ADMITTED IN WASHINGTON, D.C.
ALSO ADMITTED IN LOUISIANA

NEW JERSEY OFFICE
850 BERGEN AVENUE
JERSEY CITY, NJ 07306
TELEPHONE (973) 623-5514
FACSIMILE (973) 623-3813

CONNECTICUT OFFICE
23 OLD KINGS HIGHWAY SOUTH
DARIEN, CT 06820-4538
TELEPHONE (203) 921-1913
FACSIMILE (203) 358-8377

December 14, 2007

Our Ref: 296-07/DPM/MAM

**BY HAND**

The Honorable Deborah A. Batts
Daniel Patrick Moynihan
United States Courthouse
U.S. District Court Southern District of N.Y.
500 Pearl Street – Room 2510
New York, New York 10007

RE: Afrodite Sea Trade S.A. v. Shine Star Sea Transport Pte. Ltd., et al
07 CV 5626 (DAB)

Dear Judge Batts:

We represent Plaintiff, Afrodite Sea Trade S.A., in connection with the above-referenced Rule B maritime action. We write to request that Your Honor grant us a 60-day extension of time to serve the Summonses and Second Amended Complaint upon all Defendants. The deadline to effect service is December 17, 2007 and this is our first request for this relief. Although Defendants Ningbo and Shenyang have not yet officially appeared, they have retained New York counsel. Pursuant to the Court's Individual Practices, we have obtained counsel's consent to this request. No other Defendant has retained NY counsel, appeared or otherwise moved to vacate the attachments.

Briefly, on August 16, 2007 we filed a Second Amended Verified Complaint against Shine Star, Ningbo, Shenyang Sanyo Rilico and Benxi for breach of a maritime contract in that Defendants failed to pay charter hire for the use and operation of Plaintiff's vessel, the M/V ALTAIR. Your Honor signed an Order of Attachment and Process of Maritime Attachment and Garnishment was issued by the Clerk on the same day. Plaintiff's claims are being actively prosecuted in London arbitration against all Defendants, as they are jointly and severally liable for the outstanding charter hire. On late November 2007, Plaintiff obtained a favorable interim declaratory award against Ningbo and Shenyang Sanyo. Defendant Rilico has only now appeared in the London arbitration proceedings.

*Margin annotations: MEMO ENDORSED; RECEIVED DEC 14 2007 CHAMBERS OF DEBORAH A. BATTS U.S.D.J.; USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 12/17/2007; Granted s/DAB 12/17/2007*

NYDOCS1/295560.1



MEMO ENDORSED

December 14, 2007
Page 2

With respect to Plaintiff's efforts to obtain security in New York, Plaintiff has fully secured its claims against Ningbo, and has partially secured its claims against Shenyang Sanyo, Rilico and Shine Star – no funds belonging to Benxi have been attached. English solicitors for Plaintiff and Defendants Ningbo, Shenyang Sanyo and Rilico are negotiating the posting of substitute security, either in the form of a London Bank Guarantee or an escrow account to be maintained by the Defendants' London solicitors. If an agreement is reached on the substitute security, Plaintiff will have no need to maintain this Rule B action against Ningbo, Shenyang Sanyo and Rilico, as the merits of the parties' dispute will be decided by London arbitrators and any award in Plaintiff's favor will be enforced against the substitute security.

Defendants are either domiciled in China (Ningbo, Shenyang Sanyo and Benxi) or Singapore (Shine Star and Rilico). China is a signatory to the Hague Convention and any service of process must be made in conformity with that Convention. Service in Singapore must be performed under that country's laws. We have requested counsel for Ningbo and Shenyang Sanyo whether his clients will grant him authority to accept service. He has advised that he is presently awaiting instructions from his clients. Recently, Rilico's English solicitors, and in response to the Notice of Attachment sent by Plaintiff, demanded copies of all Rule B pleadings, which Plaintiff promptly e-mailed to them on December 7, 2007. If an agreement concerning substitute security is reached among Plaintiff, Ningbo, Shenyang Sanyo and Rilico, Plaintiff will avoid incurring the costs of effecting service in China and Singapore since it will dismiss the action against these Defendants. To the extent that no funds belonging to Benxi have been attached, we note that Local Admiralty Rule B.2 recognizes the importance of keeping Rule B actions *ex parte* until property is actually restrained, and provides that notice of attachment is not required to be given to the Defendant until after its property has been restrained. We respectfully submit that effecting service upon Benxi at this time would defeat the *ex parte* nature of Rule B proceedings.

In light of the foregoing, we now respectfully request that Your Honor grant Plaintiff a sixty-day extension to serve the Summonses and Second Amended Verified Complaint.

We thank the Court for its attention to this matter.

Respectfully yours,

FREEHILL HOGAN & MAHAR, LLP

Manuel A. Molina

**SO ORDERED**

*Deborah A. Batts*
DEBORAH A. BATTS
UNITED STATES DISTRICT JUDGE
12/17/2007

NYDOCS1/295560.1

FREEHILL, HOGAN & MAHAR LLP

December 14, 2007
Page 3

cc:   *VIA ELECTRONIC MAIL*
   CHALOS, O'CONNOR & DUFFY, LLP
   Attorneys for Defendants Ningbo and Shenyang Sanyo
   366 Main Street
   Port Washington, NY 11050
   Attn: Owen F. Duffy, Esq. ofd@codus-law.com

NYDOCS1/295560.1

FREEHILL, HOGAN & MAHAR LLP