UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
AFRODITE SEA TRADE S.A.

                Plaintiff

- against -

SHINE STAR SEA-TRANSPORT PTE LTD
NINGBO MINMETALS & MACHINERY
IMP. & EXP. CORP., SHENYANG SANYO
BUILDING MACHINERY CO. LTD., BENXI
NORTHERN STEEL PIPES CO. LTD. and
RILICO SINGAPORE PTE. LTD.

                Defendants
-------------------------------------------------------

---

THIS IS THE EXHIBIT MARKED
"RAH 2"

---

CODE NAME: "CONGENBILL". EDITION 1994

| Shipper | BILL OF LADING | B/L No. |
|---|---|---|
| BENXI NORTHERN STEEL PIPES CO., LTD.<br>NO. 138 YUMING ROAD MINGSHAN DISTRICT, BENX CITY, CHINA T:86-414-726-1001 F:86-414-726-8888 | TO BE USED WITH CHARTER-PARTIES<br>Reference No. | XJ12 |

**Consignee**

TO RUBY STAR PTY LTD.

**Notify address**

EAST DIAMOND INC. 2F-1, JINZHOU STREET, TAIPEI, TAIWAN

ORIGINAL

| Vessel | Port of loading |
|---|---|
| ALTAIR V.0704 | XINGANG, CHINA |

**Port of discharge**
JEDDAH PORT

| Shipper's description of goods | | Gross weight |
|---|---|---|
| N/M | 86 BUNDLES<br>(105 PCS)<br><br>STEEL PIPE<br>DOC.CREDIT NUMBER: 7UH1700011001<br><br>FIOS TERMS<br><br>HIRE PAYABLE AS PER C/P DD 23.03.07 BETWEEN OWNERS AFRODITE SEATRADE S.A. AND CHARTERERS SHINE STAR SEA-TRANSPORT PTE LIMITED<br><br>FOR REMARKS ON THE CONDITION OF CARGO SEE THE ATTACHED SCHEDULE<br><br>TOTAL: EIGHTY SIX BUNDLES ONLY. | 249.47MT |

(of which ........... on deck at Shipper's risk; the Carrier not being responsible for loss or damage howsoever arising)

| Freight payable as per CHARTER-PARTY dated ................... | SHIPPED at the Port of Loading in apparent good order and condition on board the Vessel for carriage to the Port of Discharge or so near thereto as she may safely get the goods specified above. |
|---|---|
| FREIGHT ADVANCE.<br>Received on account of freight: | Weight, measure, quality, quantity, condition, contents and value unknown.<br>IN WITNESS whereof the Master or Agent of the said Vessel has signed the number of Bills of Lading indicated below all of this tenor and date, any one of which being accomplished the others shall be void. |
| Time used for loading ............ days ............ hours. | FOR CONDITIONS OF CARRIAGE SEE OVERLEAF |

| Freight payable at | Place and date of issue<br>TIANJIN, CHINA |
|---|---|
| Number of original Bs/L<br>THREE(3) | Signature |

Printed and sold by
Witherby & Company Limited, 32/36 Aylesbury Street,
London EC1R 0ET.
Tel. No. 0171 251 5341  Fax No. 0171 251 1296
by authority of The Baltic and International Maritime Council,
(BIMCO) Copenhagen.

ATTACHED OF Bs / L

No. XJ12

SHIP'S REMARKS !

CARGO CONDITION AS PER P&I SURVEYOR'S REPORT
1. Quantity and quality unknown, figures as per Xingang Tally
2. Stored at open yard without any coverage
3. Rust sustained due to fresh water
4. Separation by shippers

Master of m/v ALTAIR
Gheorghe Moldovan

Fax from : 764587791                                              23-04-07 12:51   Pg: 1

Page 1

## BILL OF LADING

TO BE USED WITH CHARTER-PARTIES
CODE NAME: "CONGENBILL"
EDITION 1994
ADOPTED BY
THE BALTIC AND INTERNATIONAL MARITIME COUNCIL (BIMCO)

### Conditions of Carriage

(1) All terms and conditions, liberties and exceptions of the Charter Party, dated as overleaf, including the Law and Arbitration Clause, are herewith incorporated.

(2) **General Paramount Clause.**
  (a) The Hague Rules contained in the International Convention for the Unification of certain rules relating to Bills of Lading, dated Brussels the 25th August 1924 as enacted in the country of shipment, shall apply to this Bill of Lading. When no such enactment is in force in the country of shipment, the corresponding legislation of the country of destination shall apply, but in respect of shipments to which no such enactments are compulsorily applicable, the terms of the said Convention shall apply.
  (b) *Trades where Hague-Visby Rules apply.*
  In trades where the International Brussels Convention 1924 as amended by the Protocol signed at Brussels on February 23rd 1968 – the Hague-Visby Rules – apply compulsorily, the provisions of the respective legislation shall apply to this Bill of Lading.
  (c) The Carrier shall in no case be responsible for loss of or damage to the cargo, howsoever arising prior to loading into and after discharge from the Vessel or while the cargo is in the charge of another Carrier, nor in respect of deck cargo or live animals.

(3) **General Average.**
General Average shall be adjusted, stated and settled according to York-Antwerp Rules 1994, or any subsequent modification thereof, in London unless another place is agreed in the Charter Party.
Cargo's contribution to General Average shall be paid to the Carrier even when such average is the result of a fault, neglect or error of the Master, Pilot or Crew. The Charterers, Shippers and Consignees expressly renounce the Belgian Commercial Code, Part II, Art. 148.

(4) **New Jason Clause.**
In the event of accident, danger, damage or disaster before or after the commencement of the voyage, resulting from any cause whatsoever, whether due to negligence or not, for which, or for the consequence of which, the Carrier is not responsible, by statute, contract or otherwise, the cargo, shippers, consignees or the owners of the cargo shall contribute with the Carrier in General Average to the payment of any sacrifices, losses or expenses of a General Average nature that may be made or incurred and shall pay salvage and special charges incurred in respect of the cargo. If a salving vessel is owned or operated by the Carrier, salvage shall be paid for as fully as if the said salving vessel or vessels belonged to strangers. Such deposit as the Carrier, or his agents, may deem sufficient to cover the estimated contribution of the goods and any salvage and special charges thereon shall, if required, be made by the cargo, shippers, consignees or owners of the goods to the Carrier before delivery.

(5) **Both-to-Blame Collision Clause.**
If the Vessel comes into collision with another vessel as a result of the negligence of the other vessel and any act, neglect or default of the Master, Mariner, Pilot or the servants of the Carrier in the navigation or in the management of the Vessel, the owners of the cargo carried hereunder will indemnify the Carrier against all loss or liability to the other or non-carrying vessel or her owners in so far as such loss or liability represents loss of, or damage to, or any claim whatsoever of the owners of said cargo, paid or payable by the other or non-carrying vessel or her owners to the owners of said cargo and set-off, recouped or recovered by the other or non-carrying vessel or her owners as part of their claim against the carrying Vessel or the Carrier.
The foregoing provisions shall also apply where the owners, operators or those in charge of any vessel or vessels or objects other than, or in addition to, the colliding vessels or objects are at fault in respect of a collision or contact.

For particulars of cargo, freight, destination, etc., see overleaf.

FM. ALTAIR

PLS PASS TO MR. MISAIR'S

BRGNS/GEORGE

A2
3